UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD JEFFERSON,<br><br>                Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS *et al.*,<br><br>                Defendants. | Civil Action No. 08-1473 (HHK) |

**MEMORANDUM OPINION**

By this action, Richard Selvis Jefferson, a prisoner confined pursuant to a federal sentence, seeks to hold the Federal Bureau of Prisons ("BOP") and the United States Probation Office ("USPO") for the District of New Jersey liable for monetary damages alleging that these entities violated his rights under the Privacy Act, 5 U.S.C. § 552a, the Fifth Amendment, and the Eighth Amendment. Jefferson proceeds pro se.

Before the Court are defendants' motion to dismiss or in the alternative for summary judgment, Jefferson's cross-motion for summary judgment and his motion for appointment of counsel. As is explained below, Jefferson's claims must be dismissed. Therefore, the defendants' motion to dismiss will be granted, and all other pending motions will be denied as moot.

**I. FACTUAL BACKGROUND**

Jefferson was convicted by both federal and state authorities pursuant to plea agreements after an interstate crime spree involving stealing a car, robbing banks, a high-speed chase and a

shoot out with police.  Part of the bargain he struck in his state plea agreement was that his state sentence would run concurrently with his federal sentence, which was imposed first.  It has not turned out that way.  In fact, Jefferson served his state sentence in Rahway State Prison first, and was then paroled to the federal authorities, who take the position that Jefferson's federal sentence commenced only after he was paroled from the state sentence.  The difference to Jefferson is approximately eleven years of imprisonment.  Jefferson has filed several suits, all aimed at attempting to realize the benefit of his bargain or to be compensated for being deprived of it.[1]  This suit falls into the latter category and seeks damages for constitutional violations and, under the Privacy Act, for the BOP's adverse decision based on an allegedly inaccurate document relating to Jefferson.

The complaint alleges that a federal probation officer created a factually incorrect document in response to an inquiry from the BOP.  *See* Compl. at 16-18, 21.[2]  The BOP allegedly relied upon that document when it denied Jefferson's request to designate, *nunc pro tunc,* Rahway State Prison as the place for serving his federal sentence.  *Id.* at 21-22.  The BOP has the discretion to make such a designation, and if it did so, it would have the effect, retroactively, of making Jefferson's state sentence run concurrently with his federal sentence.  *See* Memorandum

---

[1] Jefferson has a *habeas* case currently pending before the Hon. Thomas E. Johnston, United States District Court for the Southern District of West Virginia.  *See Jefferson v. Berkebile,* Civil Action No. 07-941 (S.D. W.Va.), into which another of Jefferson's complaints has been subsumed.  Judge Johnston has appointed counsel to represent Jefferson in those proceedings.  The details of the bargain struck, and the cause of and appropriate remedy for the unrealized benefit are properly under consideration by that court and are not at issue here.

[2] Although the plaintiff included a copy of the letter at issue with his complaint, it is most easily located at Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, at Exhibit 1, Attachment B.

of Points and Authorities in Support of Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment ("Defs.' Mem.") at 1 n.1 (citing 18 U.S.C. § 3621(b) and *United States Evans,* 159 F.3d 908, 911-12 (4th Cir. 1998). In addition to his Privacy Act claims, Jefferson alleges that the BOP's refusal to make the *nunc pro tunc* designation in his case constitutes a violation of his due process rights under the Fifth Amendment and has the effect of imposing cruel and unusual punishment in violation of the Eighth Amendment.

The defendants argue that as federal defendants they are immune from suits for damages for constitutional violations, and that therefore this court lacks subject matter jurisdiction over Jefferson's constitutional claims. In addition, they contend that the rule in *Heck v. Humphrey,* 512 U.S. 477 (1994), bars this action for damages. They also argue that Jefferson's complaint fails to state a claim under the Privacy Act upon which relief may be granted, because the USPO is not subject to the Privacy Act, and because the BOP is exempt from suit under the Privacy Act for any damages arising from the records at issue. The Court does not consider other arguments made by the defendants because it is not necessary to do so.

## II.  DISCUSSION

The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). On a motion to dismiss for lack of subject matter jurisdiction, a court accepts as true all factual allegations in the complaint, but must also scrutinize them closely to satisfy itself that it has the power to hear the claim. *Macharia v. United States,* 334 F.3d 61, 64, 69 (D.C. Cir. 2003).

On a motion to dismiss for failure to state a claim upon which relief may be granted, a *pro se* complaint must be liberally construed in favor of the plaintiff. *Haines v. Kerner,* 404 U.S.

519, 520 (1972). In determining whether a complaint fails to state a claim upon which relief may be granted, a court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). There are limits and exceptions, however. A court need not accept either a plaintiff's legal conclusions, or inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint. *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8). It requires a "showing" and not just a blanket assertion of a right to relief. *Id.* at 555 n. 3.

Sovereign immunity bars the constitutional claims against the BOP. The United States enjoys sovereign immunity from suit except where it has expressly waived immunity and consented to suit. *Lane v. Pena,* 518 U.S. 187, 192 (1996); *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981). The United States has not waived its immunity from a suit for damages for constitutional violations. *F.D.I.C. v. Mayer*, 510 U.S. 471, 486 (1994). Because a suit for damages against the BOP is essentially a suit against the United States, it is barred by the doctrine of sovereign immunity. Therefore, this court has no subject matter jurisdiction over a suit for damages against the BOP arising from alleged constitutional violations. Accordingly, the damages claims against the BOP for constitutional violations will be dismissed for lack of subject matter jurisdiction.[3]

---

[3] The defendants assume, without discussion, that the USPO is also an agency of the Federal Government entitled to sovereign immunity, but the Court is not convinced. Sovereign immunity extends to executive branch functions, while legislative immunity and judicial

The Supreme Court's rule in *Heck v. Humphrey*, 512 U.S. 477, bars the constitutional claims against the USPO.  In *Heck,* the Court stated that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," *id.* at 486, and held that

> in order to recover damages for allegedly unconstitutional . . . imprisonment, . . . a plaintiff must [first] prove that the conviction or sentence has been reversed in direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus.*

*Id.* at 486-87; *see also White v. U.S. Probation Office,* 148 F.3d 1124 (D.C. Cir. 1998) (*per curiam*) (holding that *Heck v. Humphrey* barred plaintiff's damages claim for the content of his presentence report).  In short, because no court has found that Jefferson's current imprisonment is unlawful, he is prohibited from seeking damages on the premise that it is unlawful.[4]  Therefore, the damages claims against the USPO for constitutional violations will be dismissed, but without prejudice to renew in the event that Jefferson obtains an order from a proper authority that satisfies the rule in *Heck.*

Jefferson's Privacy Act claims against the USPO cannot survive because the USPO is not an agency of the federal government subject to the terms of the Act.  The USPO is a component of the Administrative Office of the United States Courts, part of the judicial branch of

---

immunity extend to the actors in the coordinate branches of government.  Given that the USPO is a unit of the Administrative Office of the United States Courts and a part of the judicial branch of government, it is not clear that sovereign immunity extends to the USPO.  The factual record is not sufficiently developed to determine, using the required functional analysis, whether the probation officer who wrote the challenged document clarifying the court's intention at sentencing was acting in a quasi-judicial capacity and is protected by judicial immunity, and the parties have not addressed the issue.  The Court makes no finding or determination on this issue.

[4] This is, in fact, the question before the court in Jefferson's pending *habeas* case in the United States District Court for the Southern District of West Virginia.

government.  For purposes of the Privacy Act, the term "agency" is defined as "any Executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the [federal] Government ... or any independent regulatory agency." 5 U.S.C. § 552(f)(1); *see* 5 U.S.C. §§ 551(1), 552a(a)(1).  Courts of the United States are expressly excluded from the definition of "agency" under the Privacy Act.  5 U.S.C. § 551(1)(B); *see Washington Legal Foundation v. United States Sentencing Commission,* 17 F.3d 1446, 1449 (D.C. Cir. 1994) ("courts of the United States" is interpreted such that this exemption applies to the entire judicial branch of government); *see Cobell v. Norton,* 157 F. Supp. 2d 82, 86 n. 6 (D.D.C. 2001); *see also Callwood v. Dep't of Probation,* 982 F. Supp. 341, 342 (D.V.I..1997) (determining that the USPO is not subject to the Privacy Act).  Plaintiff thus fails to state a claim against the USPO upon which relief may be granted.

Jefferson's Privacy Act claims against the BOP must also be dismissed.  While the BOP is an executive branch agency and governed by the Privacy Act, it has exercised its lawful option to exempt certain of its records from the provisions of the Act and to exempt itself from suit arising from errors in those records.  *See* 28 C.F.R. 16.97(a)(4).  The records at issue here are maintained by the BOP in its Inmate Central Records System and in its Judgment and Commitment File, which is part of the Custodial and Security Record Systems.  Defs.' Mem. at 11.  Both of these records systems are exempted by regulation from the provisions of the Privacy Act.  28 C.F.R. 16.97(a)(4).  This exemption serves in effect to bar suits for damages arising errors contained in these records.  *See id.* (expressly exempting these record systems from the provisions of § 522a(g) (the civil damages provision)).  Accordingly, the Privacy Act claim against the BOP will also be dismissed.

## III.  CONCLUSION

For the reasons stated, the defendants' motion to dismiss will be granted, all other pending motions will be denied, and this case will be dismissed.  A final, appealable order accompanies this memorandum opinion.


|  |  |
|---|---|
| Date:  September 25, 2009 | HENRY H. KENNEDY, JR.<br>United States District Judge |